# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-028 |
| DARRYL T. WELLS | : | |

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

**I.      Introduction**

Defendant Darryl T. Wells is charged in an indictment with three counts of bank fraud under 18 U.S.C. § 1344 related to a series of fraudulent loan and credit applications in which he falsely and materially overstated his monthly income and attached forged paystubs.

**II.     Plea Agreement**

The defendant has entered into a written plea agreement with the government in which he agreed to plead guilty to bank fraud (Count Three) as charged in the indictment. The plea agreement contains a joint stipulation to a loss amount range of $95,000 to $150,000, along with an appellate waiver. As part of the plea agreement, the defendant also agreed to pay victim restitution as determined by the Court along with a forfeiture money judgment. The government also agreed to dismiss Counts One and Two of the indictment at the time of sentencing.

The guilty plea hearing is scheduled for November 18, 2025.

**III.    Statute Charged and Essential Elements of the Offense**

To establish bank fraud in violation of 18 U.S.C. § 1344, as charged in Count Three of the indictment, the government must prove the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly executed a scheme or artifice to defraud a

financial institution by means of material false or fraudulent pretenses, representations or promises;

*Second*, that the defendant did so with the intent to defraud the financial institution; and

*Third*, that the financial institution was then insured by the Federal Deposit Insurance Corporation (FDIC) [or the National Credit Union Administration (NCUA)].[1]

Third Circuit Model Criminal Jury Instruction, No. 6.18.1344; *accord Loughrin v. United States*, 573 U.S. 351, 355-56 (2014); *Shaw v. United States*, 137 S.Ct. 462, 466 (2016); *United States v. Sater*, 2023 WL 3734962 (3d Cir. 2023) (non-precedential) (discussing elements).

In *United States v. Fattah*, 858 F.3d 801 (3d Cir. 2017), the Third Circuit held an indictment alleging that the defendant made misrepresentations in his application for a line of credit was sufficiently charged as bank fraud. 858 F.3d at 815.

## IV. <u>Maximum Penalties</u>

For Count Three of bank fraud, in violation of 18 U.S.C. § 1344, the maximum penalty is 30 years' imprisonment, five years' supervised release, a $1,000,000 fine, and a $100 special assessment.

## V. <u>Factual Basis for the Plea</u>

If this case were to proceed to trial, the government would introduce testimony, financial records, business records, employment records, and bankruptcy filings to establish the following facts:

---

[1] As explained in the comment notes to the Third Circuit Model Jury Instructions, this "instruction should be modified" when the bank fraud charge involves "financial institutions" other than those insured by the FDIC. The definition of "financial institution" includes credit unions with accounts insured by the National Credit Union Administration (NCUA). 18 U.S.C. § 20.

In December 2018 and January 2019, while employed as a Deputy Sheriff Officer with the City of Philadelphia, defendant Darryl T. Wells submitted eight fraudulent loan and credit applications:

1. 12/6/18 – Mr. Wells submitted an application for a credit card and line of credit with Trumark Financial Credit Union;

2. 12/7/18 – Mr. Wells submitted an application for a credit card with American Heritage Credit Union;

3. 12/7/18 – Mr. Wells submitted an application for a credit card with PSECU;

4. 12/8/18 – Mr. Wells submitted an application for a credit card with Synchrony Bank;

5. 12/12/18 – Mr. Wells submitted an application for a personal loan with Sun East Federal Credit Union;

6. 12/13/18 – Mr. Wells submitted an application for a credit card with Citadel Federal Credit Union;

7. 12/19/18 – Mr. Wells submitted an application for a line of credit with the Philadelphia Federal Credit Union; and

8. 01/08/19 – Mr. Wells submitted an application for a personal loan with Sun East Federal Credit Union.

Mr. Wells falsely reported an inflated income in each of these eight loan applications, and in support of some of the applications Mr. Wells also attached forged paystubs. In total, Mr. Wells received $145,000 from these financial institutions in the form of loans, lines of credit, and credit cards, and Mr. Wells spent or transferred the entirety of those funds shortly after receipt. The financial institutions were not repaid.

In contrast to the representations made on the loan applications, Mr. Wells' employment records, financial records, and bankruptcy filings show that he actually earned approximately half of what he reported on the applications. For example, a comparison of the forged paystubs that Mr. Wells submitted to the financial institutions with Mr. Wells' actual pay deposits show the inflated income:

- 11/30/18 forged paystub -- $5,384.61 net direct deposit after withholdings
- 11/20/18 actual pay deposit -- $2,594.03 net direct deposit after withholdings

- 12/07/18 forged paystub -- $6,307.69 net direct deposit after withholdings
- 12/06/18 actual pay deposit -- $3,354.63 net direct deposit after withholdings

- 12/21/18 forged paystub -- $6,307.69 net direct deposit after withholdings
- 12/20/18 actual pay deposit -- $2,913.32 net direct deposit after withholdings

When approached and interviewed by the FBI, Mr. Wells admitted that he (1) submitted a series of loan applications in late 2018 and early 2019 while employed as a Deputy Sheriff with the City of Philadelphia, (2) received over $100,000 in loan proceeds and either spent the funds or transferred the money to his romantic partners, (3) inflated his actual income on multiple loan applications, (4) created fake paystubs to make it appear he earned more than his actual salary, and (5) knew what he was doing was wrong at the time, and that he intentionally misled the banks about his income to increase the chance his loan applications would be approved.

As to Count Three specifically, on January 8, 2019, Mr. Wells submitted a fraudulent loan application to Sun East Federal Credit Union for a $15,000 personal loan. Wells' loan application listed a falsely inflated monthly gross income and attached forged paystubs which stated that he earned $270,949.12 from the Philadelphia Sheriff's Office in 2018, when in fact

Wells earned less than half that amount. Sun East Federal Credit Union, which was a financial institution and whose deposits were insured by the National Credit Union Administration, approved the loan application and disbursed the $15,000 in loan funds to Mr. Wells. Upon receipt, Mr. Wells withdrew and spent the entire amount of the loan, including by writing checks to friends and romantic partners, making ATM cash withdrawals, and purchasing clothing in New York. No amounts were repaid to Sun East Federal Credit Union.

## VI. Conclusion

This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged. With advice and consent of his attorney, Darryl T. Wells has entered into a written guilty plea agreement. Based on these facts, the government respectfully submits that there is a factual basis for the defendant's guilty plea, and such plea should be accepted.

        Respectfully Submitted,

        DAVID METCALF
        United States Attorney

        */s/ Samuel S. Dalke*
        SAMUEL S. DALKE
        Assistant United States Attorney

CERTIFICATE OF SERVICE

    I certify that I have caused this document to be sent by email to Shaka M. Johnson, Esq., and D'yal K. McAllister, Esq., who are counsel for defendant Darryl T. Wells.

                                                   /s/ Samuel S. Dalke
                                                   SAMUEL S. DALKE
                                                   Assistant United States Attorney

Date:  November 14, 2025